## SUPERIOR COURT.

### JOHN KAMENA agt. JOHN J. WARNER and WILLIAM THOMPSON.

Where an attachment is issued out of a justice's court, the statute prescribes that the claimant of the goods attached may execute a bond in a penalty, double the value of the property attached. But it also contemplates that the goods attached shall be fully sufficient to discharge the debt, if judgment is recovered upon it, and it presumes that nothing more shall be attached.

When, therefore, a, bond is given or offered by the claimant of the goods, in *double* the amount of the *demand*, it is sufficient, although there may have been property attached to a much larger amount than double the value of the debt.

*New - York Special Term, October,* 1857.

MR. SHEHAN, *for defendant.*
MR. JENNISS, *for plaintiff.*

DEMURRER to complaint by defendant Warner.

Attachment out of justice's court to recover a debt of $421 ; the goods attached are alleged in the complaint to be worth $2,300. The writ was against *Wolfe* Kamena; John Kamena claimed them, and tendered a bond approved by the justice of the court, who issued the attachment, in the sum of $1,000, with sureties.

The bond was refused, and the goods were removed. The action is by the claimant for the value of the goods and damages.

On demurrer,—

HOFFMAN, Justice. The 34th section (formerly 33d) of the statute provides, that " if any person claims any goods and chattels attached by a constable, he may execute a bond, to be approved of by the constable or the justice who issued the attachment, in a penalty double the value of the property at-

tached, conditioned that in a suit to be brought on such bond within three months, such claimant will establish that he was the owner of the goods seized at the time of such seizure, and in case of his failure to do so, that he will pay the value of the goods so claimed, with interest."

And by section 35, " upon such bond being executed and delivered to the constable, he shall deliver up the property seized by him, to the obligor in such bond."

It is plain that the bond in question was not a literal compliance with the statute ; as the property is stated in the complaint to have been worth $2,300. But the counsel well argues, that a construction which would permit a constable in his caprice, to seize goods worth $10,000 for a demand of one hundred, and drive the claimant to give security for that full amount, or part with possession, would work needless and great injustice. I am satisified it is not the necessary and only construction which the provision will bear.

Under the 31st section, the amount of the debt is to be stated, and the constable is to attach so much of the goods and chattels of the debtor as will be sufficient to satisfy such debt.

It is true that the statute contemplates that the case may well occur of more goods being taken, and properly taken, than are indispensable for this purpose. Therefore, under the 30th section, the plaintiff in the action gives bond to account for any excess beyond the judgment which he shall recover ; and by the 38th section, where an action has been brought against the claimant, upon his bond given under the 34th section, if the amount recovered exceeds the amount of the judgment rendered for the plaintiff in the attachment suit, the plaintiff shall refund the excess.

In short, the principle of the act is, to give security by virtue of an attachment upon goods of the full value of the claim of the plaintiff.

The 34th section then contemplates that the goods attached shall be fully sufficient to discharge the debt, if judgment is recovered upon it ; and the act presumes that nothing more

shall be attached. When a bond is given for double the amount of the demand, it amply meets what the plaintiff can possibly obtain, and it is double the value of the property attached, because it was intended that no more should be attached than would fully secure the party.

I think the demurrer is not well taken, and judgment must be had for the plaintiff upon it, with costs.